UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 10232WGY

| | |
|---|---|
| JAMES KEHOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MI-JACK PRODUCTS, INC. and | ) |
| FANTUZZI REGGIANE | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, MI-JACK PRODUCTS, INC.'S ANSWER TO PLAINTIFF, JAMES KEHOE'S COMPLAINT**

JURISDICTION

This paragraph contains a conclusion of law and does not contain any factual allegations applicable to the defendant. The defendant admits that its principle place of business is located in Hazel Crest, Illinois. The defendant is unable to admit or deny the citizenship of any other party to this case.

COUNT I

1. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph.

2. The defendant admits that it is a corporation with a principle place of business located in Hazel Crest, Illinois and admits that it conducts business within the Commonwealth of Massachusetts.

3. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph.

4. The defendant admits that it has sold and/or distributed products manufactured by other entities.

5. The defendant denies the allegations contained within this paragraph.

6. The defendant denies the allegations contained within this paragraph.

7. The defendant denies the allegations contained within this paragraph.

8. The defendant denies the allegations contained within this paragraph.

9. The defendant denies the allegations contained within this paragraph.

10. The defendant denies the allegations contained within this paragraph.

11. The defendant denies the allegations contained within this paragraph.

## COUNT II

12. The defendant repeats and incorporates by reference its answers to Paragraphs 1 through 11 of Count I of the Complaint.

13. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph.

14. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph.

15. The defendant admits that it is a business entity and has a principle place of business located in Hazel Crest, Illinois and further admits that it has conducted business within the Commonwealth of Massachusetts.

16. The defendant admits that it has sold and/or distributed products manufactured by other entities.

17. The defendant states that this paragraph contains conclusions of law rather than allegations of fact. The defendant admits that it has sold and/or distributed products manufactured by other entities. The Defendant has no knowledge or information regarding the subject accident or the product allegedly involved in the accident.

18. The defendant denies the allegations contained within this paragraph.

19. The defendant denies the allegations contained within this paragraph.

20. The defendant denies the allegations contained within this paragraph.

21. The defendant denies the allegations contained within this paragraph.

22. The defendant denies the allegations contained within this paragraph.

23. The defendant denies the allegations contained within this paragraph.

24. The defendant denies the allegations contained within this paragraph.

## COUNT III

25. - 36. Count III, including Paragraphs 25 through 36 do not apply to said defendant and so require no response by it. To the extent that any allegations contained within Count III may be construed as applying to said defendant, all such allegations are denied.

## COUNT IV

37. - 49. Count IV, including Paragraphs 37 through 49 do not apply to said defendant and so require no response by it. To the extent that any allegations contained

within Count IV may be construed as applying to said defendant, all such allegations are denied.

## AFFIRMATIVE DEFENSES

### SECOND AFFIRMATIVE DEFENSE

The defendant states that it provided no warranties expressed or implied.

### THIRD AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The product involved in this action was changed in substance and form after it left the control of the defendant by the plaintiff or by one for whose conduct the defendant is not responsible, and such changes were the actual causes of the plaintiff's injuries or damages.

### FIFTH AFFIRMATIVE DEFENSE

The product involved in this action was misused after it left the control of the defendant, and the misuse of the product was the actual cause of the plaintiff's injuries or damages.

### SIXTH AFFIRMATIVE DEFENSE

The defendant states that if there was any defect in the product, which the defendant expressly denies, the plaintiff may not recover on the grounds that, after discovering the product's defect and being made aware of the danger, the plaintiff

nevertheless proceeded unreasonably to make use of the product and was injured thereby.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states that if there was any defect in the product, which the defendant expressly denies, the plaintiff is barred from recovery because the plaintiff violated a duty to act reasonably with respect to a product the plaintiff knew to be defective and dangerous, and that conduct was a cause of the injuries and damages alleged.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff cannot recover for the reason that the plaintiff failed to give due notice of the injuries and damages to defendants as required by law and the defendant was prejudiced thereby.

### NINTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff, by his conduct and actions, has waived any and all rights he may have had against the defendant and therefore, the plaintiff cannot recover in this action.

### TENTH AFFIRMATIVE DEFENSE

The defendant states that it has no liability to the plaintiff for the reason that the warranties which the plaintiff alleges were breached were excluded by the defendants and never made to the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff is barred from recovery by the applicable statute of frauds.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant states that it is not a merchant as defined by G.L. c. 106, § 2 - 104(1).

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendant states that this Court lacks personal jurisdiction over the defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by virtue of his own negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiff sustained the injuries alleged, they occurred as a result of negligence on the part of the plaintiff which was greater in degree than any negligence of the defendants, by reason of which recovery is barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

The defendant says that if the plaintiff sustained the injuries alleged, they were not caused by the defendant or by anyone for whose conduct the defendant is legally responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant says that the complaint fails to state a claim upon which relief can be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant says that the complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant says that the complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant says that this Court does not have jurisdiction over the defendant and therefore, the complaint should be dismissed accordingly.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant says that the complaint should be dismissed insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The defendant says that the damages assessable against the defendant must be reduced by the percentage of negligence attributable to the plaintiff all in accordance with M.G.L. c. 231, sec. 85.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The injury or damage of the plaintiff arose, if at all, as a result of misuse of the product.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiff failed to give notice of breach of warranty and the defendant has thereby been prejudiced.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If the defendant failed to perform any of the agreements contained in any instrument relating to this matter, it was excused from the performance of such agreement.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

If the plaintiff was injured, his injuries were caused in whole or in part by his own violation of the various statutes, ordinance, and regulations governing the conduct of the parties at the time his injuries were sustained.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The defendant denies that it or its agents or servants ever made any express warranties relating to this matter.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If any agent or servant of the defendant made any express warranty then such warranty was made without authority, express or implied.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

If the defendant made any express warranty, then the plaintiff did not rely on such warranty.

### THIRTIETH AFFIRMATIVE DEFENSE

If the defendant made any express or implied warranty, then it denies that it breached any such warranty.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The defendant says that any danger or defective condition of the product was open and obvious to the plaintiff and therefore, there was no duty to warn of any such damage or defect.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

If the defendant was negligent or in breach of warranty, then its liability has been terminated by the intervening acts or omissions of others for whose acts or omissions it is not legally responsible.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The defendant disclaimed the implied warranties claimed by the plaintiff.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The defendant says that there was no duty to warn of any danger or defect associated with the use of the product because the plaintiff was aware of all such risks, dangers or defects.

THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.

Respectfully submitted,
The Defendant,
MI-JACK PRODUCTS, INC.
By its attorney,

_____
James P. Donohue, Jr., BBO # 555946
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

## CERTIFICATE OF SERVICE

    I, James P. Donohue, Jr., counsel for the defendant, do hereby certify that on this __15__ day of March, 2004, I caused the within document(s) to be served on all parties of interest by mailing a copy of same, postage prepaid, first class mail to the following:

John P. LeGrand
JOHN P. LEGRAND & ASSOCIATES, P.C.
375 Broadway
Suite 2
Somerville, MA  02145

                                                             _____
                                                             James P. Donohue, Jr.