# McDONOUGH, HACKING & LAVOIE, LLP

## COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

website: www.mhnattys.com

Mark B. Lavoie, Esq.
Direct Dial: (617) 367-3816
email: mlavoie@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

January 4, 2005

**BY ELECTRONIC FILING
AND REGULAR MAIL**
Civil Clerk's Office
United States District Court
for the District of Massachusetts
U.S. Courthouse
One Courthouse Way
Boston, MA 02110

RE:     James Kehoe v. MI-Jack Products, Inc., Fantuzzi Reggiane,
        and Fantuzzi USA, Inc.
        U.S.D.C. Civil Action No. 2004-10232NMG

Dear Sir/Madam:

Enclosed, for docketing and filing, please find the following Courtesy Copy of the Defendant's, Fantuzzi USA, Inc., Motion for Protective Order with respect to the above-captioned matter.

Thank you for your attention in this regard.

Very truly yours,

Mark B. Lavoie

MBL:rac
Enclosure
cc:     John P. LeGrand, Esq.
        James P. Donohue, Jr., Esq.

Civil Clerk's Office
January 4, 2005
Page 2


bcc:
Michael M. Cabonargi, Esq.
Bell, Boyd & Lloyd LLC
Three First National Plaza
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207

Ryan Scheuer
Fantuzzi Noell, NA
999 Oakmont Plaza Drive
Suite 380
Westmont, IL 60559

Civil Clerk's Office
January 4, 2005
Page 3


bcc:
Chuck Murray, MCU Supervisor
Zurich North America
P.O. Box 55217
Boston, MA  02205-5217


**Zurich Claim No. 0115644-00001**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KEHOE, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| | ) 04-10232NMG |
| v. | ) |
| | ) |
| MI-JACK PRODUCTS, INC, | ) |
| FANTUZZI REGGIANE, AND | ) |
| FANTUZZI USA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT'S, FANTUZZI USA, INC., MOTION FOR A PROTECTIVE ORDER

Defendant, Fantuzzi USA, Inc., ("Defendant"), hereby moves pursuant to Fed. R. Civ. P. 26 (c) for a Protective Order with regard to the deposition noticed by the Plaintiff of the Defendant, as currently scheduled for Thursday, January 27, 2005 in Somerville, Massachusetts. Specifically, the Defendant states a protective order should enter to protect the Defendant from the undue cost and expense to travel approximately one thousand (1000) miles. Accordingly, the Defendant requests that the Court enter an Order that the deposition of Fantuzzi USA, Inc. should take place in Illinois, the location of its principal place of business. This request is consistent with the general rule that a defendant should be deposed at his residence or its principal place of business, e.g., Farquhair v. Sheldon, 116 F.R.D. 70 (E.D. Mich. 1987).

By way of background, this lawsuit concerns claims for personal injuries allegedly sustained on December 20, 2002, when the Plaintiff allegedly slipped and fell while stepping down from a ladder affixed to a MI-Jack crane manufactured by Fantuzzi. The Plaintiff apparently claims that the design of the ladder was defective and caused his injury. The Plaintiff originally filed suit against MI-Jack Products, Inc. alleging negligent failure to warn and breach

of warranty.  The Plaintiff subsequently amended his Complaint to assert claims for negligent

failure to warn and breach of warranty against Fantuzzi USA, Inc. and Fantuzzi Reggiane.

Fed. R. Civ. P. 26 (c) permits the court in its discretion to grant protective orders to

prevent one party from imposing an undue burden or expense upon a prospective deponent.

There is a presumption that a defendant should be examined at his residence or the principal

place of business.  Farquhair v. Sheldon, 116 F.R.D. 70 (E.D. Mich. 1987).  It is a general rule

that the deposition of a corporation by its agents and officers should ordinarily be taken at its

principal place of business.  Salter v. Upjohn Company, 593 F.2d 649, 651 (5th Cir. 1979).  The

principal place of business of the Defendant, indeed the only place of business, is Westmont,

Illinois.  Copies of the defendant's original notice of deposition is attached hereto and marked as

Appendix A.  While the Defendant has no objection to Plaintiff's counsel conducting the

deposition of the Defendant, it should not be forced to incur the undue expense to travel to

Somerville.  Accordingly, consistent with settled principles of law and fairness, the Plaintiff

should be required to take the Defendant's deposition at its principal place of business in Illinois.

See Salter v. Upjohn Company, supra at 651; Farquhair v. Sheldon, supra at 70.

Prior to serving this motion, counsel for Fantuzzi wrote and called Plaintiff's counsel,

without receiving any reply, in an attempt to resolve this discovery dispute. Specifically, counsel

for the Plaintiff has been advised that, in fairness, the Defendant should not be obligated to

expend its money for transportation and related costs to appear in Somerville for a deposition in

this claim.  In this regard, Defendant's counsel sent a letter, dated December 8, 2004, to counsel

for the Plaintiff requesting that he reconsider placing such an undue burden on the Defendant

and, in the alternative, take the deposition in the more appropriate location.  See Appendix B.

2

Without responding to this request, Plaintiff's counsel subsequently Re-Noticed the Deposition of the Defendant to take place in Somerville. See Appendix C.

WHEREFORE, the Defendant, Fantuzzi USA, Inc., requests that the Court in the sound exercise of its discretion issue a Protective Order directing that the Plaintiff conduct the deposition of the Defendant, Fantuzzi USA, Inc., in Illinois, the location of the principal place of business of the Defendant.

<div style="margin-left:40%">

Respectfully submitted,

The Defendant,
Fantuzzi USA, Inc.,
By their attorneys,

Mark B. Lavoie, BBO# 553204
Kate M. Merschman, BBO# 652528
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

</div>

## CERTIFICATE OF SERVICE

I, Mark B. Lavoie, Esq., hereby certify that on January 4, 2004, I served a copy of the foregoing Motion for Protective Order by mailing, postage prepaid,, to the following: John P. LeGrand, Esq., John P. LeGrand & Associates, P.C., 375 Broadway, Suite 2, Somerville, MA 02145 and James P. Donohue, Jr., Sloane & Walsh, 3 Center Plaza, Boston, MA 02108.

Mark B. Lavoie, Esq.

3

# <u>APPENDIX A</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.:  04-10232NMG

JAMES KEHOE
Plaintiff

V.

MI-JACK PRODUCTS, INC. ET AL
Defendant

NOTICE OF DEPOSITION

Please take notice that on Friday November 19, 2004 at 1:00 p.m.

at the Law Offices of John P. LeGrand & Associates, 375 Broadway, Suite

2  in Somerville, Massachusetts, the attorney for the Plaintiff in this action

will take the deposition upon oral examination of  The Person With Best

Knowledge of the Design Reason Why the Ladder used for Ingress and

Egress to the Cab on the Mi-Jack/Fantuzzi Container Mover, located at

Massachusetts Port Authority's Conley Terminal in South Boston,

Massachusetts and on which the Plaintiff James Kehoe was Injured on

December 20, 2002, has the Bottom Step Directly Underneath the Next to

Last Step up from the Bottom as Depicted in the Three (3) Attached

Photographs  – Fantuzzi USA, Inc., for the purposes of discovery, or for

use as evidence, or both, before a  Notary Public in and for the

Commonwealth of Massachusetts, or other such officer authorized by law

to administer oaths.

The oral examination will continue day to day until completed. Interested

parties are invited to attend and cross-examine.

Attorney for the Plaintiff

*John P. Le Grand (aw)*

John P. LeGrand
BBO#550185
JOHN P. LEGRAND
& ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA  02145
(617) 623-3001

CERTIFICATE OF SERVICE

I, John P. LeGrand attorney for the plaintiff(s)
hereby certify that I have served a copy of the within
pleading on all parties of record, postage prepaid,
on 10/19/04

*John P. Le Grand (aw)*

John P. LeGrand

# **APPENDIX B**

# McDONOUGH, HACKING & LAVOIE, LLP
## COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

---

website: www.mhnattys.com

Mark B. Lavoie, Esq.
Direct Dial: (617) 367-3816
email: mlavoie@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

December 8, 2004

John P. LeGrand, Esq.
John P. LeGrand & Associates, P.C.
375 Broadway, Suite 2
Somerville, MA 02145

RE:     James Kehoe v. MI-Jack Products, Inc., Fantuzzi Reggiane,
        and Fantuzzi USA, Inc.
        U.S.D.C. Civil Action No. 2004-10232NMG

Dear Mr. LeGrand:

As you know, I represent the Defendant, Fantuzzi USA, Inc. with respect to the above-captioned matter. This letter is written in response to the Plaintiff's Deposition Notice of Fantuzzi USA, Inc. relative to the ladder design for the cab of the container mover located at the Massachusetts Port Authority's Conley Terminal in South Boston, Massachusetts. I would like to address several points to your attention.

First, Fantuzzi USA, Inc. is headquartered in Westmont, Illinois. Accordingly, the deposition which is noticed for your office should go forward at or near the corporate headquarters of the Defendant. This is consistent with the general rule that a Defendant should be deposed at its residence or principal place of business. See Farquhair v. Sheldon, 116 F.R.D. 70 (E.D. Mich. 1987). There is a presumption that the Defendant should be examined at its residence or the principal place of business. Id. It is a general rule that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. See Salter v. Upjohn Company, 593 f.2d 649, 651 (5th Cir. 1979).

Second, please be advised that Fantuzzi USA, Inc. does not have an engineering department nor does it have an individual involved in the design of the container mover or the ladder to access the cab of the container mover.

John P. LeGrand, Esq.
John P. LeGrand & Associates, P.C.
December 8, 2004
Page 2


     Given these facts, I would like to know whether you wish this deposition to proceed and, if so, whether you will be amenable to having it go forward in Illinois or my office will need to file a Motion for Protective Order on the Plaintiff's recent Deposition Notice.

     Kindly contact me or my associate, Christopher Costello, at your convenience so that we may discuss this matter further.

     Thank you for your attention in this regard.

                            Very truly yours,

                            Mark B. Lavoie

MBL:rac
cc:    James P. Donohue, Jr., Esq.

# <u>APPENDIX C</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.:  04-10232NMG

JAMES KEHOE
    Plaintiff

V.


MI-JACK PRODUCTS, INC. ET AL
    Defendant


## NOTICE OF DEPOSITION

Please take notice that on  Thursday January 27, 2005 at 12:00

p.m. at the Law Offices of John P. LeGrand & Associates, 375 Broadway,

Suite 2  in Somerville, Massachusetts, the attorney for the Plaintiff in this

action will take the deposition upon oral examination of The Person With

Best Knowledge of the  Ladder used for Ingress and Egress to the Cab on

the Mi-Jack/Fantuzzi Container Mover, located at Massachusetts Port

Authority's Conley Terminal in South Boston, Massachusetts and on

which the Plaintiff James Kehoe was Injured on December 20, 2002, as

Shown in the Three (3) Attached Photographs  – Fantuzzi USA, Inc., for

the purposes of discovery, or for use as evidence, or both, before a  Notary

Public in and for the Commonwealth of Massachusetts, or other such

officer authorized by law to administer oaths.

The oral examination will continue day to day until completed. Interested

parties are invited to attend and cross-examine.

Attorney for the Plaintiff

John P. LeGrand
BBO#550185
JOHN P. LEGRAND
& ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA  02145
(617) 623-3001