UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 01232WGY

JAMES KEHOE,
    Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, AND
FANTUZZI USA, INC.,
    Defendants

**PLAINTIFF'S MOTION TO TRANSFER THE INSTANT ACTION TO SUFFOLK SUPERIOR COURT TO PROCEED AGAINST AN ADDITIONAL PARTY DEFENDANT WITHIN THE JURISDICTION OF MASSACHUSETTS AND TO CONSOLIDATE THE INSTANT MATTER WITH TWO OTHER COMPANION CASES WHICH ARE IDENTICAL TO THE INSTANT ACTION AND HAVE BEEN FILED CONCURRENTLY IN SUFFOLK SUPERIOR COURT [SEE ATTACHED EXHIBITS]**

The James Kehoe v. MI-Jack Products, Inc., Fantuzzi Reggiane and Fantuzzi, USA, Inc. case was originally filed in the United States District Court for the District of Massachusetts. During the course of discovery it was learned that the Massachusetts Port Authority was a viable defendant. During the course of that discovery on James Kehoe it was also learned that Phillip Marotta was also injured in an identical fashion on the same manner on the exact same piece of equipment and as a result of this same defects as James Kehoe. Accordingly, a lawsuit was filed in both the Federal Court and Suffolk Superior Court on behalf of Phillip Marotta v. MI-Jack Products, Inc., Fantuzzi Reggiane, Fantuzzi USA,

Inc., and Massachusetts Port Authority. A concurrent claim has now been filed by James Kehoe in Suffolk Superior Court against those same defendants.

During the course of discovery on the James Kehoe case it was further learned that an additional longshoreman was injured in the exact same manner on the exact same piece of equipment and due to the exact same defects as James Kehoe and Phillip Marotta. That action has been filed in Suffolk Superior Court and is entitled of James Whitley v. MI-Jack Products, Inc., Fantuzzi Reggiane, Fantuzzi USA, Inc., and Massachusetts Port Authority.

All three of these actions occurred as a result of a defect on the bottom two steps of the same container handler which plaintiff alleges has a defective design and did not enjoy adequate maintenance by Massachusetts Port Authority causing all three plaintiffs to be injured in an identical fashion as a result of those exact same defects in design and the negligence of Massachusetts Port Authority.

Accordingly, the three plaintiffs bring the claims against the exact defendants for similar injuries which occurred in the exact same fashion on three separate dates on the same pieces of equipment gives rise to a scenario whereby plaintiff's counsel hereby seeks to proceed with all three claims in a consolidated fashion in Suffolk Superior Court.

Once James Kehoe pursues his claims against Massachusetts Port Authority diversity of Jurisdiction in the Federal Court will be destroyed. Therefore, his action is only eligible to proceed against all viable defendants in the Massachusetts State Court system.

Accordingly, plaintiff hereby moves this Honorable Court to transfer the above-captioned matter to Suffolk Superior Court.

Respectfully Submitted
By his attorney

*/s/ John P. LeGrand*

John P. LeGrand, Esquire
John P. LeGrand & Associates, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
617-623-3001
BBO #: 550185

Dated:    August 22, 2005