UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 10232WGY

JAMES KEHOE
  Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, AND
FANTUZZI USA, INC.
  Defendants

JURISDICTION

Whereas diversity of citizenship exists between the Plaintiff and the Defendant, jurisdiction is founded upon 28 U.S.C. Section 1332. Damages are likely to exceed one million ($1,000,000.00) dollars

PLAINTIFF'S AMENDED COMPLAINT

COUNT I- NEGLIGENCE/FAILURE TO WARN VS. MI-JACK PRODUCTS, INC.

1. The Plaintiff, James Kehoe, now or formerly is a resident of Revere, Massachusetts

2. The Defendant, Mi-Jack Products, Inc., is a business entity now or formerly having a principal place of business located at 3111 W. 167th

Street Hazel Crest, Illinois, and regularly conducts business within the Commonwealth of Massachusetts

3. At all times relevant, the Plaintiff, James Kehoe, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County Massachusetts, and was operating a container mover crane manufactured, designed, imported, distributed, and/or sold by Defendant Mi-Jack Products, Inc.

4. At all times relevant to this action, the Defendant, Mi-Jack Products, Inc., was a manufacturer, designer, importer, distributor, wholesaler, and/or retailer of a product, a container mover crane.

5. At all times relevant to this action, the Defendant, Mi-Jack Products, Inc. had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonable expected to use and/or or be affected by its goods, and to eliminate known or foreseeable dangers in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

6. At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc., had a duty to design a product that is reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers

7. The Defendant, Mi-Jack Products, Inc. breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection and

design its product, and by failing to warn individuals such as the plaintiff of the same and latent defects in its product(s).

8. The Defendant in this Count, Mi-Jack Products, Inc. realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product.

9. On or about December 20, 2002, the Plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Mi-Jack Products, Inc. was caused to suffer severe and permanent injuries.

10. The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Mi-Jack Products, Inc..

11. As a direct and proximate result of Defendant Mi-Jack Products, Inc.'s negligence and carelessness, the Plaintiff, James Kehoe, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time, and continues to be unable to enjoy his usual activities, was otherwise permanently injured, and has suffered, and continues to suffer, other damages as will be shown at trial

WHEREFORE, the Plaintiff demands judgment against the Defendant, Mi-Jack Products, Inc., in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT II- BREACH OF WARRANTY VS. MI-JACK PRODUCTS, INC.

12. The plaintiff restates, realleges, and incorporates each and every item, allegation and particular set forth in Paragraphs 1 through 11 of Count I.

13. The plaintiff, James Kehoe, now or formerly is a resident of Revere, Massachusetts

14. At all times relevant, the Plaintiff, James Kehoe, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container moving crane manufactured, imported, marketed, distributed, designed and/or sold by Defendant Mi-Jack Products, Inc.

15. The Defendant, Mi-Jack Products, Inc., is a business entity now or formerly having a principal place of business located at 3111 W. 167th Street Hazel Crest, Illinois, and regularly conducts business within the Commonwealth of Massachusetts.

16. At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc., was a manufacturer, importer, marketer, distributor, wholesaler, designer and/or retailer of a container moving crane

17. At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc. was a merchant with respect to the goods at issue, as the defendant deals or dealt in the goods or otherwise, by its occupation, holds itself out as having knowledge or skill peculiar to the goods at issue.

18. The Defendant, Mi-Jack Products, Inc. sold, supplied, distributed, manufactured, designed and/or imported the product that caused the plaintiff injuries as alleged in this Complaint.

19. The Defendant, Mi-Jack Products, Inc. reasonably expected consumers such as the Plaintiff to use, and/or be affected by the Defendant's goods.

20. At all times relevant to this complaint, the Defendant, Mi-Jack Products, Inc. had a duty to prevent release of a product in a defective condition unreasonably dangerous to a user or consumer such as the plaintiff, into the stream of commerce.

21. On or before December 20, 2002, the defendant, Mi-Jack Products, Inc. designed, manufactured, sold, distributed, supplied and/or imported a product with a faulty design, that was improperly manufactured, and/or without proper inspection, and failed to warn individuals such as the plaintiff of the same.

22. On or about December 20, 2002, the plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Mi-Jack Products, Inc., was caused to suffer severe personal injuries.

23. The Defendant, Mi-Jack Products, Inc. breached its warranties pursuant to M.G.L. Chapter 106, Sections 2-314 through 2-318

24. As a direct and proximate cause and result of the Defendant Mi-Jack Products, Inc.'s breach of warranties, the Plaintiff, James Kehoe, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time and continues to be unable to enjoy his usual activities, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE the plaintiff demands judgment against the defendant, Mi-Jack Products, Inc., in the amount of THREE MILLION ($3,000,000.00) DOLLARS

COUNT III-NEGLIGENCE/FAILURE TO WARN VS FANTUZZI REGGIANE

25. The Plaintiff restates, realleges and incorporates each and every item, allegation and particular set forth in paragraphs 1 through 11 of Count I and paragraphs 12 through 24 of Count II

26. The Plaintiff, James Kehoe, now or formerly is a resident of Revere, Massachusetts

27. At all times relevant, the plaintiff, James Kehoe, was employed by Columbia Coastal Transport, was performing his work duties at the

Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container moving crane manufactured, designed, imported, distributed, and/or sold by Defendant Fantuzzi Reggiane.

28. The Defendant, Fantuzzi Reggiane, is a business entity now or formerly having a principal place of business located at Via Elsa Ligure 511A 42020 Lentigione, Italy, and regularly conducts business with the Commonwealth of Massachusetts

29. At all times relevant to this complaint, the Defendant, Fantuzzi Reggiane, was a manufacturer, designer, importer, marketer, distributor, wholesaler, and/or retailer of a product, a container moving crane.

30. At all times relevant to this complaint, the Defendant, Fantuzzi Reggiane, had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonably expected to use and/or be affected by its goods, and to eliminate known or foreseeable in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

31. At all times relevant to this complaint, the Defendant in this Count Fantuzzi Reggiane, had a duty to design a product that was reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers.

32. The Defendant, Fantuzzi Reggiane, breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection

and design of its product, and by failing to warn individuals such as the Plaintiff of the same and latent defects in its products.

33. The Defendant in this Count, Fantuzzi Reggiane, realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product.

34. On or about December 20, 2002, and at various times thereafter, the plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in a manner intended by the defendant, was caused to suffer severe pain and injuries.

35. The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Fantuzzi Reggiane

36. As a direct and proximate result of Defendant's negligence and carelessness, the Plaintiff, James Kehoe has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time, and continues to be unable to enjoy his usual activities, and has suffered, and continues to suffer other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi Reggiane, in the amount of THREE ($3,000,000.00) MILLION DOLLARS

## COUNT IV-BREACH OF WARRANTY VS. FANTUZZI REGGIANE

37. The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24 of Count II, and paragraphs 25 through 36 of Count III.

38. The Plaintiff, James Kehoe, now or formerly is a resident of Revere, Massachusetts

39. At all times relevant, the Plaintiff, James Kehoe, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Massachusetts, and was operating a container moving crane manufactured, designed, imported, marketed, distributed, and/or sold by Defendant Fantuzzi Reggiane.

40. The Defendant, Fantuzzi Reggiane, is a business entity now or formerly having a principal place of business located at Via Elsa Ligure 511A 42040 Lentigiore, Italy, and regularly conducts business within the Commonwealth of Massachusetts.

41. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi Reggiane, was a manufacturer, designer, importer, marketer, distributor, wholesaler and/or retailer of a container moving crane.

42. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi Reggiane, was a merchant with respect to the goods at issue, as the Defendant, Fantuzzi Reggiane, deals or dealt in the goods or otherwise, by its occupation, holds itself out as having knowledge or skill peculiar to the goods at issue.

43. The Defendant, Fantuzzi Reggiane, sold, supplied, distributed, manufactured, designed and/or imported the product that caused the Plaintiff's injuries as alleged in this Complaint.

44. The Defendant Fantuzzi Reggiane, reasonably expected individuals such as the Plaintiff to use and/or be affected by Defendant Fantuzzi Reggiane's goods.

45. At all times relevant to this Complaint, the Defendant, Fantuzzi Reggiane, had a duty to prevent release of a product in a defective condition unreasonably dangerous to a user or consumer such as the Plaintiff, into the stream of commerce.

46. On or before December 20, 2002, the Defendant, Fantuzzi Reggiane, manufactured, designed, sold, distributed, supplied and/or imported a product with a faulty design, that was improperly manufactured, and/or without proper inspection, and failed to warn individuals such as the Plaintiff of the same.

47. On or about December 20, 2002, the Plaintiff, while exercising due care and attentiveness and while using the Defendant product in a normal

manner and in the manner intended by the Defendant, Fantuzzi Reggiane, was caused to suffer severe personal injuries.

48. The Defendant, Fantuzzi Reggiane, breached its warranties pursuant to M.G.L. Chapter 106, Sections 2-314 through 2-318.

49. As a direct and proximate result of the Defendant, Fantuzzi Reggiane's breach of warranties, the Plaintiff, James Kehoe, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time and continues to be unable to enjoy his usual activities, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fantuzzi Reggiane, in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT V

### NEGLIGENCE/FAILURE TO WARN VS. FANTUZZI USA INC.

50. The Plaintiff restates, realleges, and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 11 of Count 1, paragraphs 12 through 24 of Count II, paragraphs 25 through 36 of Count III and paragraphs 37 through 49 of Count IV

51. The Plaintiff, James Kehoe, now or formerly is a resident of Revere, Massachusetts

52. The Defendant, Fantuzzi USA, Inc., is a business entity now or formerly having a principal place of business located at 999 Oakmont Plaza Drive, Suite 380 Westmont, Illinois, and regularly conducts business within the Commonwealth of Massachusetts

53. At all times relevant, the Plaintiff, James Kehoe, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container mover crane manufactured, designed, imported, distributed, and/or sold by defendant Fantuzzi USA, Inc.

54. At all times relevant to this action, the Defendant Fantuzzi USA, Inc., was a manufacturer, designer, importer, distributor, wholesaler, and/or retailer of a product, a container mover crane.

55. At all times relevant to this action, the Defendant, Fantuzzi USA, Inc., had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonably expected to use and/or be affected by its goods, and to eliminate known or foreseeable dangers in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

56. At all times relevant to this action, the defendant in this Count, Fantuzzi USA, Inc., had a duty to design a product that is reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers

57. The Defendant, Fantuzzi USA, Inc., breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection and design of its product, and by failing to warn individuals such as the plaintiff of the same and latent defects in its product(s).

58. The Defendant in this Count, Fantuzzi USA, Inc., realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product

59. On or about December 29, 2002, the Plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Fantuzzi USA, Inc. was caused to suffer severe and permanent injuries

60. The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Fantuzzi USA, Inc.

61. As a direct and proximate result of Defendant Fantuzzi USA, Inc.'s negligence and carelessness, the Plaintiff, James Kehoe, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time, and continues to be unable to enjoy his usual activities, was otherwise permanently injured, and has suffered, and will continue to suffer, other damages as will be shown at the time of trial

WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi USA, Inc. in the amount of THREE MILLION ($3,000,000.00) DOLLARS

## COUNT VI

### BREACH OF WARRANTY V. FANTUZZI USA, INC.

62. The Plaintiff restates, realleges, and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24 of Count II, paragraphs 25 through 36 of Count III, paragraphs 37 through 49 of Count IV and paragraphs 50 through 61 of Count V

63. The Plaintiff, James Kehoe, now or formerly is a resident of Revere, Massachusetts

64. At all times relevant, the Plaintiff, James Kehoe, was employed by Columbia Coastal Transport, was performing his work duties at the Conely Terminal in Boston, Massachusetts, and was operating a container moving crane manufactured designed, imported, marketed, distributed, and/or sold by Defendant Fantuzzi USA Inc.

65. The Defendant, Fantuzzi USA, Inc., is a business entity now or formerly having a principal place of business located at 999 Oakmont Plaza Drive, Suite 380 Westmont, Illinois and regularly conducts business within the Commonwealth of Massachusetts

66. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi USA, Inc., was a manufacturer, designer, importer, marketer, distributor, wholesaler, and/or retailer of a container moving crane.

67. At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi USA, Inc., was a merchant with respect to the goods at issue, as the Defendant, Fantuzzi USA, Inc. deals or dealt in the goods or otherwise. by its occupation, holds itself out as having knowledge or skill peculiar to the goods at issue

68. The Defendant, Fantuzzi USA, Inc., sold, supplied, distributed, manufactured, designed and/or imported the product that caused the Plaintiff's injuries as alleged in this Complaint.

69. The Defendant, Fantuzzi USA, Inc., reasonably expected individuals such as the Plaintiff to use and/or be affected by Defendant Fantuzzi USA, Inc.'s goods.

70. At all times relevant to this Complaint, the Defendant, Fantuzzi USA, Inc., had a duty to prevent release of a product in a defective condition unreasonably dangerous to a user or consumer such as the Plaintiff, into the stream of commerce.

71. On or before December 20, 2002, the Defendant, Fantuzzi USA, Inc., manufactured, designed, sold, distributed, supplied and/or imported a product with a faulty design, that was improperly manufactured, and/or without proper inspection, and failed to warn individuals such as the Plaintiff of the same.

72. On or about December 20, 2002, the Plaintiff, while exercising due care and attentiveness and while using the Defendant product in a normal manner and in the manner intended by the Defendant, Fantuzzi USA, Inc., was caused to suffer severe personal injuries.

73. The Defendant, Fantuzzi USA, Inc., breached its warranties pursuant to M.G.L. Chapter 106, Sections 2-314 through 2-318

74. As a direct and proximate result of the Defendant, Fantuzzi USA, Inc.'s breach of warranties, the Plaintiff, James Kehoe, has suffered severe personal injuries, great pain of body and anguish of mind, incurred substantial medical bills, has required medical care and attention, was for a long time and continues to be unable to enjoy his usual activities, and has suffered, and will continue to suffer, other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the defendant, Fantuzzi USA, Inc., in the amount of THREE MILLION ($3,000,000.00) DOLLARS

PLAINTIFF demands a trial by jury as to Count I, Count II, Count III, Count IV, Count V, and Count VI.

Plaintiff
By his attorney

*/s/ John P. LeGrand*

John P. LeGrand
BBO#550185
JOHN P. LEGRAND
& ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001