COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                             SUPERIOR COURT DEPARTMENT
                                         C.A. NO:  05-3268B

PHILLIP MAROTTA,
    Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, FANTUZZI USA, INC.,
AND MASSACHUSETTS PORT AUTHORITY,
    Defendants

## PLAINTIFF'S COMPLAINT

## COUNT I- NEGLIGENCE/FAILURE TO WARN VS. MI-JACK PRODUCTS, INC.

1.    The Plaintiff, Phillip Marotta is now or formerly is a resident of Cape Neddick,

      Maine.

2.    The Defendant, Mi-Jack Products, Inc., is a business entity now or formerly

      having a principal place of business located at 3111 W. 167th Street Hazel Crest,

      Illinois, and regularly conducts business within the Commonwealth of

      Massachusetts.

crane manufactured, designed, imported, distributed, and/or sold by Defendant Mi-Jack Products, Inc.

4.    At all times relevant to this action, the Defendant, Mi-Jack Products, Inc., was a manufacturer, designer, importer, distributor, wholesaler, and/or retailer of a product, a container mover crane.

5.    At all times relevant to this action, the Defendant, Mi-Jack Products, Inc. had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonable expected to use and/or or be affected by its goods, and to eliminate known or foreseeable dangers in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

6.    At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc., had a duty to design a product that is reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers.

7.    The Defendant, Mi-Jack Products, Inc. breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection and design its product, and by failing to warn individuals such as the plaintiff of the same and latent defects in its product(s).

8.    The Defendant in this Count, Mi-Jack Products, Inc. realized and/or should have
      realized that the Plaintiff would not have appreciated the dangers of its product.

9.    On or about December 20, 2002, the Plaintiff, while exercising due care and
      attentiveness and while using the defendant product in a normal manner and in the
      manner intended by the Defendant, Mi-Jack Products, Inc. was caused to suffer
      severe and permanent injuries.

10.   The injuries suffered by the Plaintiff were not caused by any fault or negligence
      on his part, but were the direct result of the negligence and breach of duty by the
      Defendant, Mi-Jack Products, Inc.

11.   As a direct and proximate result of Defendant Mi-Jack Products, Inc.'s negligence
      and carelessness, the Plaintiff, Phillip Marotta, has suffered severe personal
      injuries, great pain of body and anguish of mind, incurred substantial medical
      bills, has required medical care and attention, was for a long time, and continues
      to be unable to enjoy his usual activities, was otherwise permanently injured, and
      has suffered, and continues to suffer, other damages as will be shown at trial

          WHEREFORE, the Plaintiff demands judgment against the Defendant, Mi-Jack
Products, Inc.

## COUNT II- BREACH OF WARRANTY VS. MI-JACK PRODUCTS, INC.

12.    The plaintiff restates, realleges, and incorporates each and every item, allegation and particular set forth in Paragraphs 1 through 11 of Count I.

13.    The Plaintiff, Phillip Marotta, now or formerly is a resident of Cape Neddick, Maine.

14.    At all times relevant, the Plaintiff, Phillip Marotta was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container moving crane manufactured, imported, marketed, distributed, designed and/or sold by Defendant Mi-Jack Products, Inc.

15.    The Defendant, Mi-Jack Products, Inc., is a business entity now or formerly having a principal place of business located at 3111 W. 167th Street Hazel Crest, Illinois, and regularly conducts business within the Commonwealth of Massachusetts.

16.    At all times relevant to this complaint, the Defendant in this Count, Mi-Jack Products, Inc., was a manufacturer, importer, marketer, distributor, wholesaler, designer and/or retailer of a container moving crane.

17.    At all times relevant to this complaint, the Defendant in this Count, Mi-Jack
       Products, Inc. was a merchant with respect to the goods at issue, as the defendant
       deals or dealt in the goods or otherwise, by its occupation, holds itself out as
       having knowledge or skill peculiar to the goods at issue.

18.    The Defendant, Mi-Jack Products, Inc. sold, supplied, distributed, manufactured,
       designed and/or imported the product that caused the plaintiff injuries as alleged
       in this Complaint.

19.    The Defendant, Mi-Jack Products, Inc. reasonably expected consumers such as
       the Plaintiff to use, and/or be affected by the Defendant's goods.

20.    At all times relevant to this complaint, the Defendant, Mi-Jack Products, Inc. had
       a duty to prevent release of a product in a defective condition unreasonably
       dangerous to a user or consumer such as the plaintiff, into the stream of
       commerce.

21.    On or before December 20, 2002, the defendant, Mi-Jack Products, Inc. designed,
       manufactured, sold, distributed, supplied and/or imported a product with a faulty
       design, that was improperly manufactured, and/or without proper inspection, and
       failed to warn individuals such as the plaintiff of the same.

22.   On or about  December 20, 200, the plaintiff, while exercising due care and
      attentiveness and while using the defendant product in a normal manner and in the
      manner intended by the Defendant, Mi-Jack Products, Inc., was caused to suffer
      severe personal injuries.

23.   The Defendant, Mi-Jack Products, Inc. breached its warranties pursuant to M.G.L.
      Chapter 106, Sections 2-314 through 2-318.

24.   As a direct and proximate cause and result of the Defendant Mi-Jack Products,
      Inc.'s breach of warranties, the Plaintiff, Phillip Marotta, has suffered severe
      personal injuries, great pain of body and anguish of mind, incurred substantial
      medical bills, has required medical care and attention, was for a long time and
      continues to be unable to enjoy his usual activities, and has suffered, and will
      continue to suffer, other damages as will be shown at trial.

         WHEREFORE the plaintiff demands judgment against the defendant, Mi-Jack
Products, Inc.

## COUNT III-NEGLIGENCE/FAILURE TO WARN VS FANTUZZI REGGIANE

25.   The Plaintiff restates, realleges and incorporates each and every item, allegation
      and particular set forth in paragraphs 1 through 11 of Count I and paragraphs 12
      through 24 of Count II.

26.    The Plaintiff, Phillip Marotta now or formerly is a resident of Cape Neddick,
        Maine.

27.    At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia
        Coastal Transport, was performing his work duties at the Conley Terminal in
        Boston, Suffolk County, Massachusetts, and was operating a container moving
        crane manufactured, designed, imported, distributed, and/or sold by Defendant
        Fantuzzi Reggiane.

28.    The Defendant, Fantuzzi Reggiane, is a business entity now or formerly having a
        principal place of business located at Via Elsa Ligure 511A 42020 Lentigione,
        Italy, and regularly conducts business with the Commonwealth of Massachusetts.

29.    At all times relevant to this complaint, the Defendant, Fantuzzi Reggiane, was a
        manufacturer, designer, importer, marketer, distributor, wholesaler, and/or retailer
        of a product, a container moving crane.

30.    At all times relevant to this complaint, the Defendant, Fantuzzi Reggiane, had a
        duty to exercise reasonable care with respect to persons, such as the Plaintiff,
        whom it reasonably expected to use and/or be affected by its goods, and to
        eliminate known or foreseeable in the normal and intended or foreseeable use of
        its products, and to give adequate warning of latent dangers in such use.

31.  At all times relevant to this complaint, the Defendant in this Count Fantuzzi
     Reggiane, had a duty to design a product that was reasonably safe for its intended
     use and to design its products with reasonable care to eliminate avoidable
     dangers.

32.  The Defendant, Fantuzzi Reggiane, breached its duty, including but not limited to
     by its negligent and/or careless manufacture, inspection and design of its product,
     and by failing to warn individuals such as the Plaintiff of the same and latent
     ·defects in its products.

33.  The Defendant in this Count, Fantuzzi Reggiane, realized and/or should have
     realized that the Plaintiff would not have appreciated the dangers of its product.

34.  On or about December 20, 2002, the plaintiff, while exercising due care and
     attentiveness and while using the defendant product in a normal manner and in a
     manner intended by the defendant, was caused to suffer severe pain and injuries.

35.  The injuries suffered by the Plaintiff were not caused by any fault or negligence
     on his part, but were the direct result of the negligence and breach of duty by the
     Defendant, Fantuzzi Reggiane.

36.     As a direct and proximate result of Defendant's negligence and carelessness, the

        Plaintiff, Phillip Marotta has suffered severe personal injuries, great pain of body

        and anguish of mind, incurred substantial medical bills, has required medical care

        and attention, was for a long time, and continues to be unable to enjoy his usual

        activities, and has suffered, and continues to suffer other damages as will be

        shown at trial.


        WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi

Reggiane.


## **COUNT IV-BREACH OF WARRANTY VS. FANTUZZI REGGIANE**


37.     The Plaintiff restates, realleges and incorporates each and every item, paragraph

        and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12

        through 24 of Count II, and paragraphs 25 through 36 of Count III.


38.     The Plaintiff, Phillip Marotta now or formerly is a resident of Cape Neddick,

        Maine.

39.  At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia
     Coastal Transport, was performing his work duties at the Conley Terminal in
     Boston, Massachusetts, and was operating a container moving crane
     manufactured, designed, imported, marketed, distributed, and/or sold by
     Defendant Fantuzzi Reggiane.

40.  The Defendant, Fantuzzi Reggiane, is a business entity now or formerly having a
     principal place of business located at Via Elsa Ligure 511A  42040 Lentigiore,
     Italy, and regularly conducts business within the Commonwealth of
     Massachusetts.

41.  At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi
     Reggiane, was a manufacturer, designer, importer, marketer, distributor,
     wholesaler and/or retailer of a container moving crane.

42.  At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi
     Reggiane, was a merchant with respect to the goods at issue, as the Defendant,
     Fantuzzi Reggiane, deals or dealt in the goods or otherwise, by its occupation,
     holds itself out as having knowledge or skill peculiar to the goods at issue.

43.  The Defendant, Fantuzzi Reggiane, sold, supplied, distributed, manufactured,
     designed and/or imported the product that caused the Plaintiff's injuries as alleged
     in this Complaint.

44.     The Defendant Fantuzzi Reggiane, reasonably expected individuals such as the
        Plaintiff to use and/or be affected by Defendant Fantuzzi Reggiane's goods.

45.     At all times relevant to this Complaint, the Defendant, Fantuzzi Reggiane, had a
        duty to prevent release of a product in a defective condition unreasonably
        dangerous to a user or consumer such as the Plaintiff, into the stream of
        commerce.

46.     On or before December 20, 2002, the Defendant, Fantuzzi Reggiane,
        manufactured, designed, sold, distributed, supplied and/or imported a product
        with a faulty design, that was improperly manufactured, and/or without proper
        inspection, and failed to warn individuals such as the Plaintiff of the same.

47.     On or about December 20, 2002, the Plaintiff, while exercising due care and
        attentiveness and while using the Defendant product in a normal manner and in
        the manner intended by the Defendant, Fantuzzi Reggiane, was caused to suffer
        severe personal injuries.

48.     The Defendant, Fantuzzi Reggiane, breached its warranties pursuant to M.G.L.
        Chapter 106, Sections 2-314 through 2-318.

49.    As a direct and proximate result of the Defendant, Fantuzzi Reggiane's breach of

warranties, the Plaintiff, Phillip Marotta, has suffered severe personal injuries,

great pain of body and anguish of mind, incurred substantial medical bills, has

required medical care and attention, was for a long time and continues to be

unable to enjoy his usual activities, and has suffered, and will continue to suffer,

other damages as will be shown at trial.


WHEREFORE, the Plaintiff demands judgment against the defendant, Fantuzzi

Reggiane.


### COUNT V- NEGLIGENCE/FAILURE TO WARN VS. FANTUZZI USA INC.


50.    The Plaintiff restates, realleges, and incorporates each and every item, paragraph

and particular set forth in paragraphs 1 through 11 of Count 1, paragraphs 12

through 24 of Count II, paragraphs 25 through 36 of Count III and paragraphs 37

through 49 of Count IV.


51.    The Plaintiff, Phillip Marotta now or formerly is a resident of Cape Neddick,

Maine.

52.    The Defendant, Fantuzzi USA, Inc., is a business entity now or formerly having a principal place of business located at 999 Oakmont Plaza Drive, Suite 380 Westmont, Illinois, and regularly conducts business within the Commonwealth of Massachusetts.

53.    At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia Coastal Transport, was performing his work duties at the Conley Terminal in Boston, Suffolk County, Massachusetts, and was operating a container mover crane manufactured, designed, imported, distributed, and/or sold by defendant Fantuzzi USA, Inc.

54.    At all times relevant to this action, the Defendant Fantuzzi USA, Inc., was a manufacturer, designer, importer, distributor, wholesaler, and/or retailer of a product, a container mover crane.

55.    At all times relevant to this action, the Defendant, Fantuzzi USA, Inc., had a duty to exercise reasonable care with respect to persons, such as the Plaintiff, whom it reasonably expected to use and/or be affected by its goods, and to eliminate known or foreseeable dangers in the normal and intended or foreseeable use of its products, and to give adequate warning of latent dangers in such use.

56.  At all times relevant to this action, the defendant in this Count, Fantuzzi USA, Inc., had a duty to design a product that is reasonably safe for its intended use and to design its products with reasonable care to eliminate avoidable dangers.

57.  The Defendant, Fantuzzi USA, Inc., breached its duty, including but not limited to by its negligent and/or careless manufacture, inspection and design of its product, and by failing to warn individuals such as the plaintiff of the same and latent defects in its product(s).

58.  The Defendant in this Count, Fantuzzi USA, Inc., realized and/or should have realized that the Plaintiff would not have appreciated the dangers of its product.

59.  On or about December 20, 2002, the Plaintiff, while exercising due care and attentiveness and while using the defendant product in a normal manner and in the manner intended by the Defendant, Fantuzzi USA, Inc. was caused to suffer severe and permanent injuries.

60.  The injuries suffered by the Plaintiff were not caused by any fault or negligence on his part, but were the direct result of the negligence and breach of duty by the Defendant, Fantuzzi USA, Inc.

61.    As a direct and proximate result of Defendant Fantuzzi USA, Inc.'s negligence
       and carelessness, the Plaintiff, Phillip Marotta, has suffered severe personal
       injuries, great pain of body and anguish of mind, incurred substantial medical
       bills, has required medical care and attention, was for a long time, and continues
       to be unable to enjoy his usual activities, was otherwise permanently injured, and
       has suffered, and will continue to suffer, other damages as will be shown at the
       time of trial.


       WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi
USA, Inc.


## COUNT VI-BREACH OF WARRANTY V. FANTUZZI USA, INC.

62.    The Plaintiff restates, realleges, and incorporates each and every item paragraph
       and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12 through 24
       of Count II, paragraphs 25 through 36 of Count III, paragraphs 37 through 49 of Count
       IV and paragraphs 50 through 61 of Count V.


63.    The Plaintiff, Phillip Marotta now or formerly is a resident of Cape Neddick,
       Maine.

64.    At all times relevant, the Plaintiff, Phillip Marotta, was employed by Columbia
       Coastal Transport, was performing his work duties at the Conely Terminal in
       Boston, Massachusetts, and was operating a container moving crane
       manufactured designed, imported, marketed, distributed, and/or sold by
       Defendant Fantuzzi USA Inc.

65.    The Defendant, Fantuzzi USA, Inc., is a business entity now or formerly having a
       principal place of business located at 999 Oakmont Plaza Drive, Suite 380
       Westmont, Illinois and regularly conducts business within the Commonwealth of
       Massachusetts.

66.    At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi
       USA, Inc., was a manufacturer, designer, importer, marketer, distributor,
       wholesaler, and/or retailer of a container moving crane.

67.    At all times relevant to this Complaint, the Defendant in this Count, Fantuzzi
       USA, Inc., was a merchant with respect to the goods at issue, as the Defendant,
       Fantuzzi USA, Inc. deals or dealt in the goods or otherwise, by its occupation,
       holds itself out as having knowledge or skill peculiar to the goods at issue.

68.    The Defendant, Fantuzzi USA, Inc., sold, supplied, distributed, manufactured,
       designed and/or imported the product that caused the Plaintiff's injuries as alleged
       in this Complaint.

69.     The Defendant, Fantuzzi USA, Inc., reasonably expected individuals such as the
        Plaintiff to use and/or be affected by Defendant Fantuzzi USA, Inc.'s goods.

70.     At all times relevant to this Complaint, the Defendant, Fantuzzi USA, Inc., had a
        duty to prevent release of a product in a defective condition unreasonably
        dangerous to a user or consumer such as the Plaintiff, into the stream of
        commerce.

71.     On or before December 20, 2002, the Defendant, Fantuzzi USA, Inc.,
        manufactured, designed, sold, distributed, supplied and/or imported a product
        with a faulty design, that was improperly manufactured, and/or without proper
        inspection, and failed to warn individuals such as the Plaintiff of the same.

72.     On or about December 20, 2002, the Plaintiff, while exercising due care and
        attentiveness and while using the Defendant product in a normal manner and in
        the manner intended by the Defendant, Fantuzzi USA, Inc., was caused to suffer
        severe personal injuries.

73.     The Defendant, Fantuzzi USA, Inc. breached its warranties pursuant to M.G.L.
        Chapter 106, Sections 2-314 through 2-318.

74.    As a direct and proximate result of the Defendant, Fantuzzi USA, Inc.'s breach of
       warranties, the Plaintiff, Phillip Marotta, has suffered severe personal injuries,
       great pain of body and anguish of mind, incurred substantial medical bills, has
       required medical care and attention, was for a long time and continues to be
       unable to enjoy his usual activities, and has suffered, and will continue to suffer,
       other damages as will be shown at trial.


       WHEREFORE, the Plaintiff demands judgment against the Defendant, Fantuzzi
USA, Inc.


## **COUNT VII-NEGLIGENCE V. MASSACHUSETTS PORT AUTHORITY**


75.    The Plaintiff restates, realleges and incorporates each and every item paragraph
       and particular set forth in paragraphs 1 through 11 of Count I, paragraphs 12
       through 24 of Count II, paragraphs 25 through 36 of Count III, paragraphs 37
       through 49 of Count IV, paragraphs 50 through 61 of Count V, and paragraphs 62
       through 74 of Count VI.


76.    The Plaintiff, Phillip Marotta now or formerly is a resident of Cape Neddick,
       Maine.

77.     The Defendant, Massachusetts Port Authority, is a body politic which owns,
        operates, equips, and/or controls the equipment and facilities at the Conley
        Terminal in Boston, Massachusetts.

78.     At all times relevant the Plaintiff was employed by Columbia Coastal Transport
        as a longshoreman.

79.     On or about December 20, 2002, the Plaintiff was performing his duties at the
        facilities located at the Conley Terminal, Boston, Massachusetts which are
        owned, operated, equipped and/or controlled by Defendant Massachusetts Port
        Authority.

80.     On or about December 20, 2002, while the Plaintiff was lawfully on the facilities
        at the Conley Terminal in Boston, Massachusetts, he was caused to be injured
        through the negligence and carelessness of the Defendant, Massachusetts Port
        Authority, its agents, servants and/or employees.

81.     As a result of Defendant, Massachusetts Port Authority's negligence, the Plaintiff
        was caused severe personal injuries, caused great pain of body, was caused to
        incur expenses for medical treatment and medicines, missed substantial time from
        work, and was for a long time unable to carry on his usual activities.

WHEREFORE, the Plaintiff demands judgment against the defendant,

Massachusetts Port Authority.


PLAINTIFF demands a trial by jury as to Count I, Count II, Count III, Count IV,

Count V, Count VI, and Count VII.


Plaintiff
By his attorney

John P. LeGrand
JOHN P. LEGRAND & ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
BBO No: 550185
(617) 623-3001

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: __Suffolk__ | Docket Number |
|---|---|---|---|

| PLAINTIFF(S)<br>Phillip Marotta | DEFENDANT(S) Mi-Jack Products, Inc., ,<br>Fantuzzi Reggiane, Fantuzzi<br>USA, Inc. & Mass Port Authority |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>John P. LeGrand, Esquire BBO No: 550185<br>JOHN P. LEGRAND & ASSOCIATES, P.C., 375 Broadway, #2, Somerville, MA 02145<br>Board of Bar Overseers number: 617-623-3001 | ATTORNEY (if known) |
|---|---|

Origin code and track designation

Place an x in one box only:

[XX] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104
    (Before trial)          (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/
    Order (Mass R.Civ.P. 60)          (X)
[ ] 6. E10 Summary Process Appeal          (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BO4 | Other Negligence | (F ) | (XX) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................. $12,000.0
    2. Total Doctor expenses ............................................. $10,000.0
    3. Total chiropractic expenses ....................................... $.............
    4. Total physical therapy expenses ................................... $ 7,000.0
    5. Total other expenses (describe) ................................... $.............
                                  Subtotal $.29,000.

B. Documented lost wages and compensation to date ........................... $.26,000.
C. Documented property damages to date ................................... $.............
D. Reasonably anticipated future medical and hospital expenses .............. $.............
E. Reasonably anticipated lost wages ..................................... $.............
F. Other documented items of damages (describe)
                                                    $.............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

    Left Knee Derangement with Surgical Correction

                                               $.............
                                  TOTAL: $.55,000

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                           TOTAL    $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 7/27/05

A.O.S.C. 2003