**11**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT DEPARTMENT
                               C.A. NO: 05-2362-H

JAMES R. WHITLEY,
    Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, FANTUZZI USA, INC.,
AND MASSACHUSETTS PORT AUTHORITY,
    Defendants


AND


PHILLIP MAROTTA,                C.A. NO: 05-3268-B
    Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, FANTUZZI USA, INC.,
AND MASSACHUSETTS PORT AUTHORITY,
    Defendants


AND


JAMES KEHOE,                    C.A. NO: 05-3267-A
    Plaintiff

V.

MI-JACK PRODUCTS, INC.,
FANTUZZI REGGIANE, FANTUZZI USA, INC.,
AND MASSACHUSETTS PORT AUTHORITY,
    Defendants

## PLAINTIFF'S MOTION TO CONSOLIDATE

On three (3) different dates, the plaintiffs, Philip Marotta, James Kehoe and James R. Whitley were climbing down from the operator's cab on a Mi-Jack/Fantuzzi container handler forklift when each of the three (3) plaintiffs slipped and fell on a design defect in the construction of the bottom step and second from bottom step of that machine, combined with the design defect which consistently creates grease which encompasses the entire machine, including the walkway and ladder down from the cab to the ground. Furthermore, despite the fact that this design defect in the machine creates the fact that the container handler, including the steps and ladder is encased and coated in a film, as well as chunks of grease, rendering the machine to be coated with a slippery residue at all times, the defendant, Massachusetts Port Authority, should have been responsible for power washing that machine on a regular basis consistent with rendering the machine safe for the longshoremen to walk up and down the ladder, to and from the operators cab without being injured as a result of the grease. All three (3) plaintiffs fell as a result of stepping around the improperly designed defect on the bottom two (2) steps of the machine and loosing their footing as a result of that defective design, combine with the grease on the steps. James Kehoe required surgical correction of his knee. Philip Marotta required surgical correction of his knee. James R. Whitley was recommended for surgical correction of his ankle.

In each of the three (3) cases the identical persons, witnesses and parties who need to be deposed from Mi-Jack Products, Inc. are located in Illinois. The appropriate and identical persons, witnesses and parties who will be required to be deposed in all three (3) cases for Fantuzzi Reggiane and Fantuzzi USA, Inc. are in Illinois. The appropriate and identical persons, witnesses and parties who need to be deposed on behalf of the claims made against Massachusetts Port Authority are the identical witnesses in all three (3) cases.

Accordingly, plaintiffs hereby move this Honorable Court to consolidate the above three (3) referenced cases as the defendants are all identical. The location of the accidents is identical in all three (3) claims, the theories of liability are identical on all three (3) claims, the witnesses, except for medical providers, are identical in all three (3) claims. Discovery will be identical in all three (3) claims. The Tracking Orders in all three (3) cases presently pending in Suffolk Superior Court are within two (2) months of each other.

Respectfully Submitted
Attorney for the Plaintiff,

John P. LeGrand
JOHN P. LEGRAND & ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001
B.B.O. No: 550185

## CERTIFICATE OF SERVICE

I, John P. LeGrand, Esquire, attorney for the plaintiff(s), hereby certify that I have

served a copy of the within pleading on all parties of record, in hand, on August 23, 2005

to:

James P. Donohue, Jr., Esquire
SLOANE & WALSH
Three Center Plaza
Boston, MA 02108

Mark B. Lavoie, Esquire
Christopher W. Costello, Esquire
MCDONOUGH, HACKING & LAVOIE, LLC
6 Beacon Street, Suite 815
Boston, MA 02108

Christopher A. Kenney, Esquire
Anthony L. DeProspo, Jr., Esquire
SHERIN AND LODGEN, LLP
101 Federal Street
Boston, MA 02110

John P. LeGrand